UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ASHLAND LLC ET AL | CIVIL ACTION NO. 18-cv-1290 |
| VERSUS | JUDGE JUNEAU |
| AMERIGLOBE LLC ET AL | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss Third Party Complaint [Rec. Doc. 26], which was filed by Third Party Defendant DanChem Technologies, Inc. ("DanChem"). AmeriGlobe, LLC ("AmeriGlobe") does not oppose the motion. [Rec. Doc. 33]. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED.

## Background

On October 2, 2018, Plaintiffs Ashland LLC and Ashland Industries Europe GMBH (collectively, "Ashland" or "Plaintiffs") commenced this lawsuit by filing a complaint against AmeriGlobe.[1] At all relevant times, Ashland manufactured a dry,

---

[1] The original complaint named AmeriGlobe, LLC; AmeriGlobe FIBC Solutions Flexcon and Systems, Inc.; and AmeriGlobe Packaging Solution Flexcons and Systems, Inc. Rec. Doc. 1, p. 2, ¶ 2. However, via amended complaint filed on December 5, 2018, Ashland names only AmeriGlobe, LLC. Rec. Doc. 6 (amended complaint); *see also* Rec. Doc. 11 (second amended complaint).

flowable, powdery and/or granular product known as Gantrez, which was poured into Flexible Intermediate Bulk Containers ("FIBCs") prior to shipment to overseas customers.[2] One of Ashland's customers required that the Gantrez it purchased be shipped to Ireland and/or Belgium.[3] At some point, this customer reported to Ashland that it had received FIBCs from which Gantrez had spilled, leaked and/or was leaking and/or otherwise had been damaged, resulting in lost or unusable Gantrez and related damages.[4] Ashland alleges that AmeriGlobe was the vendor and manufacturer of the defective FIBCs, and therefore seeks damages, pursuant to Louisiana law, arising out of redhibition, breach of contract, and products liability.[5]

On January 16, 2019, AmeriGlobe filed a Third Party Complaint against DanChem and Grayling Industries, Inc. ("Grayling").[6] Grayling is alleged to have manufactured and provided a component part of the relevant FIBCs, specifically the liner, while DanChem is alleged to have improperly positioned and/or filled the bags of Gantrez, leading to a failure of the top tabs of the liner of the FIBCs.[7] In the event that AmeriGlobe is found liable, AmeriGlobe alleges that DanChem and/or Grayling are negligent or at fault, such that AmeriGlobe is entitled to tort indemnity or

---

[2] Rec. Doc. 11, p. 2, ¶¶ 5, 6.
[3] Rec. Doc. 11, p. 3, ¶ 7.
[4] Rec. Doc. 11, p. 3, ¶¶ 8, 9, 10.
[5] Rec. Doc. 11, pp. 3-9.
[6] Rec. Doc. 16.
[7] As explained in DanChem's memorandum in support of the instant motion, Ashland contracted with DanChem to load the Gantrez into FIBCs before shipment. Rec. Doc. 26-1, p. 2.

contribution from DanChem "commensurate with the degree of responsibility assigned whatsoever for all damages awarded to Ashland."[8]

In the instant motion, DanChem argues that AmeriGlobe's Third Party Complaint is essentially an allegation of comparative or alternative fault, which is properly asserted as an affirmative defense, if at all, and is insufficient to state a claim for tort indemnity or contribution under Louisiana law.[9] As to tort indemnity DanChem argues that neither Ashland nor AmeriGlobe have alleged that AmeriGlobe is liable to Ashland due solely to constructive or derivative fault for DanChem's actions, such that AmeriGlobe has failed to state a claim for tort indemnity under Louisiana law. As to contribution, DanChem argues that AmeriGlobe cannot assert such a claim, as a matter of law, because DanChem and AmeriGlobe are not solidary obligors. As recognized above, AmeriGlobe does not oppose the motion. As such, and for the following reasons, the motion should be granted.

## Applicable Law and Analysis

### I. STANDARDS APPLICABLE TO DANCHEM'S MOTION

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is properly granted when a defendant attacks the

---

[8] Rec. Doc. 16, p. 3, ¶8.
[9] Rec. Doc. 26-1.

complaint because it fails to state a legally cognizable claim.[10] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[11] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff or non-moving party.[12] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[13] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[14]

In this case, AmeriGlobe impleaded DanChem pursuant to Federal Rule of Civil Procedure 14.[15] Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[16] Rule 14(a) "exists to bring in third parties who are derivatively liable to the impleading party."[17] "The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or

---

[10] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[11] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[13] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins*, 224 F.3d at 498.
[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[15] Rec. Doc. 16, p. 3, ¶ 9.
[16] Fed. R. Civ. P. 14(a)(1).
[17] *Hassan v. La. Dep't of Transp. & Dev.*, 1999 WL 642861, at *2 (5th Cir. 1999).

implied warranty, or some other theory."[18] Under Rule 14, impleader is only proper "when a right to relief exists under the applicable substantive law; if it does not, the impleader claim must be dismissed. If, for example, the governing law does not recognize a right to contribution or indemnity, impleader for these purposes cannot be allowed."[19]

## II.   DANCHEM IS ENTITLED TO DISMISSAL

"It has long been held in Louisiana that a party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others."[20] "The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement."[21] Here, AmeriGlobe has no contract with DanChem, and hence no basis for contractual indemnity, such that any claim for indemnity would have to arise by operation of law. However, as DanChem correctly notes, AmeriGlobe has failed to state a claim for indemnity under Louisiana law.

"Indemnity 'is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the

---

[18] *Martco Ltd. P'ship v. Bruks Inc.,* 430 F. App'x 332, 334-335 (5th Cir. 2011).
[19] *Martco Ltd. P'ship*, 430 F. App'x at 335.
[20] *Martco Ltd. P'ship*, 430 F. App'x at 335 (quoting *Bewley Furniture Co. v. Maryland Cas. Co.*, 285 So.2d 216, 219 (La. 1973)).
[21] *Martco Ltd. P'ship*, 430 F. App'x at 335 (quoting *Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 185 (La. 1999) (citation omitted)).

party whose negligence or tortious act caused the loss.'"[22] "A claim for legal indemnity 'arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed.'"[23] "Indemnity . . . finds its basis in the concept of unjust enrichment[.]"[24] "Accordingly, a party 'who is actually negligent or actually at fault cannot recover [legal] indemnity.'"[25]

Here, Ashland has sued AmeriGlobe as the manufacturer and vendor of allegedly defective FIBCs. DanChem did not manufacture or sell the FIBCs. AmeriGlobe, not Ashland, has alleged that DanChem improperly positioned and/or filled the bags of Gantrez, leading to a failure of the top tabs of the liner of the FIBCs. Further, neither Ashland nor AmeriGlobe has alleged that any finding of liability against AmeriGlobe would be constructive liability for any alleged act or failure to act by DanChem. As this Court has previously stated: "There is no foreseeable combination of findings that could result in [AmeriGlobe] being cast in judgment for mere technical or passive fault. To the contrary, [AmeriGlobe] will either be held

---

[22] *Martco Ltd. P'ship*, 430 F. App'x at 335 (quoting *Nassif*, 739 So.2d at 185) (citation omitted).
[23] *Martco Ltd. P'ship*, 430 F. App'x at 335 (quoting *Nassif*, 739 So.2d at 185); *see also Bewley*, 285 So.2d at 219 ("The cases have referred to this imposed liability variously as technical, constructive, vicarious and derivative.").
[24] *Martco Ltd. P'ship*, 430 F. App'x at 335 (quoting *Mayo v. Benson Chevrolet Co.*, No. 97-1121 (La. App. 5 Cir. 8/25/98); 717 So.2d 1247, 1249 (citation omitted)).
[25] *Martco Ltd. P'ship*, 430 F. App'x at 335 (quoting *Hamway v. Braud*, 2001-2364 (La. App. 1 Cir. 11/8/02); 838 So.2d 803, 806 (citation omitted)).

responsible or not responsible for [Ashland's] claims."[26] Accordingly, DanChem is correct that AmeriGlobe has failed to state a claim for tort indemnity against DanChem.[27]

In addition, AmeriGlobe has failed to state a claim for contribution. "Contribution permits a tortfeasor who has paid more than his share of a solidary obligation to seek reimbursement from the other tortfeasors for their respective shares of the judgment, which shares are proportionate to the fault of each."[28] Thus, "[u]nder Louisiana law, 'the substantive basis for the right to claim contribution is subrogation to the plaintiff's rights against the remaining tortfeasors.'"[29] "However, in 1996, Louisiana Civil Code Article 2324 was amended to eliminate solidary liability, except where the tortfeasors conspire to commit an intentional or willful act."[30] "In contrast, 'non-intentional tortious acts are now considered joint and

---

[26] *Stelly v. Guidroz,* 2018 WL 1702849, at *6 (W.D. La. March 15, 2018), report and recommendation adopted, 2018 WL 1702490 (W.D. La. April 6, 2018).
[27] *See, e.g., Stelly,* 2018 WL 1702849; *425 Notre Dame, LLC v. Kolbe & Kolbe Mill Work Co.*, 151 F. Supp. 3d 715 (E.D. La. Dec. 16, 2015).
[28] *Hamway*, 838 So.2d at 807.
[29] *Stelly,* 2018 WL 1702849, at *6 (quoting *Hamway*, 838 So.2d at 806 (citing La. Civ. Code arts. 1804 and 1805); *Dennis v. The Finish Line, Inc.*, 99-1413 and 99-1414 (La. App. 1 Cir. 12/22/00); 781 So.2d 12, 44).
[30] *Stelly,* 2018 WL 1702849, at *6 (citing *Hamway*, 838 So.2d at 807). The 1996 amendments also established a system of comparative fault in "all" cases, including products liability, strict liability and absolute liability cases. *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, No. 09-750, 2011 WL 2214936, at *2 (W.D. La. June 6, 2011); *Beauregard v. State ex rel. DOTD*, 09-271 (La. App. 3 Cir. 10/7/09); 21 So.3d 442, 443. That said, there are potentially applicable limitations to the application of comparative fault where the manufacturer is also the seller of an allegedly redhibitory thing. *Hollybrook*, 2011 WL 2214936, at *2-3. However, for purposes of the instant motion, no further discussion thereof is necessary.

divisible, and each joint tortfeasor is liable only for the degree of fault attributed to his actions.'"[31] Here, there are no allegations that DanChem and AmeriGlobe are joint tortfeasors or conspired to commit any wrongful acts or to cause Ashland's damages. As a result, the doctrine of contribution does not apply, and AmeriGlobe's claim for contribution under Louisiana law should be dismissed.

## Conclusion and Recommendation

For the foregoing reasons, it is recommended that DanChem's motion to dismiss AmeriGlobe's third party complaint [Rec. Doc. 26] be GRANTED and that AmeriGlobe's claims against DanChem be DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy thereof.

Failure to file written objections to the proposed factual findings and/or legal conclusions reflected herein within fourteen days, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either

---

[31] *Id.*

the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[32]

Signed at Lafayette, Louisiana on this 4th day of April, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[32] *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).